**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| MIA WALTON | **PLAINTIFF** |
| VS. | CIVIL ACTION NO.: 3:26-cv-00146-KHJ-MTP |
| SMITH COUNTY, MISSISSIPPI, STRICJAVVAR STRICKLAND, and JOHN DOES 1-10, being those persons or entities who are in any way responsible to the Plaintiff for the damages and the injuries sustained herein and whose identities are at this time unknown, but will be added by amendment when ascertained. | **DEFENDANTS** |

**COMPLAINT
(Jury Trial Demanded)**

COMES NOW, Plaintiff, MIA WALTON, who files this Complaint, by and through the undersigned counsel, as follows:

**I.
PRELIMINARY STATEMENT**

1. This action arises from an incident in which Defendant Strickland used the Smith County Justice Court to file a baseless cyberstalking charge against Plaintiff. The charge was supported only by a bare-bones affidavit that contained no facts. Smith County's policy, custom, usage, or practice of providing these affidavits to private citizens caused Plaintiff to be arrested without probable cause, in violation of the Fourth and Fourteenth Amendments. This charge was later terminated in Plaintiff's favor—by either being *nolle prosequied* by the District Attorney or being no-billed by the grand jury.

2. Plaintiff MIA WALTON ("Mrs. Walton") grew up in Mt. Olive, Mississippi, and has deep, longstanding ties to Galilee Missionary Baptist Church, which she attended with her family since childhood. She reviewed credible complaints of possible financial mismanagement and insurance fraud connected to the church. Her work threatened Defendant STRICJAVVAR STRICKLAND ("Mr. Strickland"), the church's pastor. In retaliation, Mr. Strickland filed a false criminal affidavit against the Plaintiff. Smith County's unconstitutional policy enabled the arrest.

3. Plaintiff asserts federal claims under 42 U.S.C. § 1983 against Smith County and the John Doe officials for maintaining a policy, custom, usage, or practice that enabled her arrest without probable cause. Plaintiff also asserts state-law claims against Mr. Strickland for malicious prosecution, false arrest / imprisonment, abuse of process, intentional infliction of emotional distress, and civil conspiracy.

## II.
## PARTIES

4. Plaintiff MIA WALTON is an adult resident citizen of the State of Florida. She may be served with process in this matter by and through the undersigned counsel at 2204 W. Main Street, Tupelo, MS 38801.

5. Defendant SMITH COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi. It may be served through its Chancery Clerk, the Hon. Cindy Austin, 201 Courthouse Square, Raleigh, Mississippi.

6. Defendant STRICJAVVAR STRICKLAND is an adult resident citizen of Smith County, Mississippi, residing at 25165 Highway 35 N, Raleigh, MS 39153. He may be served at that address.

7.  Defendants JOHN DOES 1-10 are unknown employees, agents, or officials of Smith County who participated in the acts described below. Their identities will be added by amendment once discovered.

### III.
### JURISDICTION AND VENUE

8.  This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and civil-rights jurisdiction under 28 U.S.C. § 1343. The federal claims arise under the Fourth and Fourteenth Amendments and are brought pursuant to 42 U.S.C. § 1983. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

9.  Venue is proper in the Northern Division of the Southern District of Mississippi under 28 U.S.C. § 1391(b)(1) and (b)(2) because all Defendants reside in Mississippi and a substantial part of the events occurred in this District.

### IV.
### RELEVANT FACTS

10. In October 2024, the finance committee of Galilee Missionary Baptist Church discovered serious financial discrepancies in the church's accounts. Mrs. Walton participated in the investigation. Her work uncovered, among other things, approximately $90,000 in unaccounted-for church funds and Mr. Strickland's prior felony conviction in Kalamazoo County, Michigan, where he had pleaded guilty to one felony count of facilitation of travel services for purposes of prostitution in January 2023 and was sentenced to one year in jail.

11. In retaliation for this investigation, Mr. Strickland went to the Smith County Justice Court to press charges against Mrs. Walton. Unknown Smith County officials gave Mr. Strickland a pre-printed "general affidavit" form pursuant to the

County's official policy, custom, usage, or practice. On January 16, 2025, using this form, Mr. Strickland swore a criminal affidavit against Mrs. Walton in Smith County Justice Court. The affidavit contained no facts; it simply tracked the language of the cyberstalking statute (Miss. Code Ann. § 97-45-15). Mr. Strickland did not disclose to the justice court judge his true intentions, and as such, he deprived the judge of knowing the totality of the circumstances. Upon information and belief, no other documents were provided to the judge. Thus, based solely on this bare-bones affidavit, the justice court issued an arrest warrant. Mrs. Walton was arrested on March 5, 2025, by the Covington County Sheriff's Department. She was transported to Smith County, had an initial appearance on March 6, 2025, and posted a $5,000 bond. The case was bound over to the grand jury but was later either *nolle prosequied* by the District Attorney or no-billed.

12. Mr. Strickland filed these false charges to intimidate and retaliate against the Plaintiff for her role in the church investigation. The arrest caused Plaintiff significant harm, including loss of liberty, emotional distress, humiliation, reputational damage, and attorney's fees.

## V.
## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983 – UNREASONABLE SEIZURE WITHOUT PROBABLE CAUSE
(*Monell* Liability -- Against Smith County and John Does 1-10)

13. The preceding paragraphs are incorporated by reference.

14. Plaintiff had a clearly established Fourth Amendment right to be free from arrest without probable cause. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964). "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *United States v. Leon*, 468 U.S. 897, 915 (1984) (*quoting Illinois v. Gates*, 462 U.S. 213, 239 (1982)). *See also Mayfield v. Currie*, 976 F.3d 482 (5th Cir. 2020):

> We have held the standard in [*Malley v. Briggs*, 475 U.S. 335, 345 (1986)] is not satisfied when an officer proffers a facially invalid warrant affidavit—one devoid of any facts—one that states nothing more than the charged offense, accompanied by a conclusory statement that the individual committed the offense. That was [*Blake v. Lambert*, 921 F.3d 215, 220 (5th Cir. 2019)], where the officer's arrest-warrant affidavit simply identified the named individual, recited the charged offense, and cited the corresponding statutes. Such a bare-bones affidavit fell short of *Malley* because it did not provide any supporting facts from which a judge could independently determine probable cause.

*Mayfield*, at 492 (internal quotations omitted). "But the right against arrest on a 'barebones' affidavit was well known, and there is no reason to distinguish Blake's right from that of someone arrested on a police officer's affidavit." *Blake*, 921 F.3d at 221.

15. Smith County maintained a policy, custom, or practice—through its justice court clerks and other county officials—of furnishing private citizens with pre-printed, fill-in-the-blanks affidavits that contained only conclusory language and no facts. This policy is evidenced by the fact that at least one other person was charged with cyberstalking in Smith County Justice Court using pre-printed, fill-in-the-blanks affidavit from the same template, which contained only conclusory language tracking the statute and no specific facts. This policy, custom, usage, or practice was the moving force behind the issuance of the invalid warrant and Plaintiff's arrest. Smith County and John Does 1-10 implemented and enforced this policy, custom, usage, or practice while acting under color of state law. Plaintiff alleges that this practice is widespread and persistent, and that it reflects deliberate indifference to the constitutional requirement of probable cause.

16. As a direct result, Plaintiff was arrested and detained without probable cause, violating her rights under the Fourth Amendment as applied through the Fourteenth Amendment.

### COUNT II
### 42 U.S.C. § 1983 – FAILURE TO TRAIN AND SUPERVISE
(Against Smith County and John Does 1-10)

17. The preceding paragraphs are incorporated by reference.

18. Smith County and John Does 1-10 failed to adequately train and supervise deputy court clerks and other county officials on their obligations under the Fourth

Amendment, including the requirement that arrest warrants be supported by affidavits containing specific facts establishing probable cause, rather than bare-bones, conclusory statements.

19. This failure to train and supervise amounted to deliberate indifference to the constitutional rights of individuals, including Plaintiff, as the need for such training was obvious given the County's policy of using pre-printed forms that routinely led to warrants issued without probable cause. Plaintiff alleges that the risk of unconstitutional arrests from this failure was patently obvious and highly predictable.

20. As a direct and proximate result of this failure to train and supervise, Plaintiff's constitutional rights were violated, causing the damages described herein.

## COUNT III
## INJUNCTIVE RELIEF
(Against Defendant Smith County, Mississippi)

21. The preceding paragraphs are incorporated by reference.

22. Plaintiff seeks permanent injunctive relief to enjoin Smith County from using, distributing, or accepting pre-printed, fill-in-the-blanks "general affidavits" for criminal complaints that lack a factual predicate and merely track statutory language in conclusory terms, as such forms violate the Fourth Amendment's requirement for probable cause supported by specific facts.

23. Absent such relief, Plaintiff and others will suffer irreparable harm from continued unconstitutional arrests and detentions. There is no adequate remedy at law, and the balance of equities and public interest favor the injunction to protect constitutional rights. Plaintiff alleges an ongoing risk of harm from Smith County's

persistent policy, which continues to threaten future violations of constitutional rights, and establishing a live controversy.

## COUNT IV
## MALICIOUS PROSECUTION
(Against Defendant Strickland)

24. The preceding paragraphs are incorporated by reference.

25. Mr. Strickland instituted a criminal proceeding against Mrs. Walton, which terminated in her favor (via *nolle prosequi* or no-bill).

26. Defendant lacked probable cause, acted with malice, and filed the charge solely to retaliate against Plaintiff for her protected investigation activities. Plaintiff suffered damages as a direct and proximate result. Plaintiff alleges that the affidavit was knowingly false and filed for an improper retaliatory purpose.

## COUNT V
## FALSE ARREST AND FALSE IMPRISONMENT
(Against Defendant Strickland)

27. The preceding paragraphs are incorporated by reference.

28. Defendants caused Plaintiff's arrest and detention by submitting a false affidavit that led to an invalid warrant. The arrest occurred without legal authority or probable cause. Plaintiff was restrained against her will. Defendant's conduct was intentional and unlawful, causing damages to Plaintiff. Furthermore, Plaintiff alleges that the false affidavit was the direct and proximate cause of the arrest.

## COUNT VI
## ABUSE OF PROCESS
(Against Defendant Strickland)

29. The preceding paragraphs are incorporated by reference.

30. Defendant used the criminal process (affidavits and warrants) for an improper purpose—to harass and silence Plaintiff—rather than to enforce the law. This perverted use of process directly caused Plaintiff's injuries. Plaintiff alleges that the process was initiated to retaliate for the church investigation, not for legitimate enforcement.

### COUNT VII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendant Strickland)

31. The preceding paragraphs are incorporated by reference.

32. Defendant's conduct in filing false charge and causing Plaintiff's arrest was extreme and outrageous. Defendant acted intentionally or with reckless disregard of the probability of causing severe emotional distress. Plaintiff suffered severe emotional distress as a direct result. Plaintiff alleges that the retaliatory false charge led to her arrest and restrictions on liberty.

### VI.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court:

   a. Award compensatory damages in excess of $75,000;

   b. Award punitive damages against the individual Defendants;

   c. Award attorney's fees and costs, including under 42 U.S.C. § 1988;

   d. Award pre- and post-judgment interest at the maximum legal rate;

    e. Enter a permanent injunction enjoining Smith County from using, distributing, or accepting pre-printed, fill-in-the-blanks affidavits lacking factual predicates; and

    f. Grant such other and further relief as the Court deems just and proper.

The Plaintiff demands a jury trial.

Respectfully submitted this the 5th day of March 2026.

                              MIA WALTON

By: _____
       Matthew Wilson, MSB No. 102344
       Attorney for Plaintiff

Prepared by:
Matthew Wilson (MS Bar #102344/TN BPR # 028175/USPTO #67,842)
The Law Office of Matthew Wilson, PLLC
2204 West Main Street
Tupelo, MS 38801
662-260-6544
lawyermatt@betteraskmatt.com